**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**JAMIE K. LOCKETT**                                                                        **PETITIONER**
Reg #34069-044

**VS.**                         **CASE NO.: 2:15CV00141 KGB/BD**

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                       **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.     Background**

On December 17, 2007, petitioner Jamie Lockett pleaded guilty to distribution of 5 or more grams of crack cocaine in the United States District Court for the Eastern District of Missouri. (#4-1) Mr. Lockett and his attorney reviewed and accepted the contents of

his pre-sentence report. (#4-2) The court sentenced him to 188 months' imprisonment, which he is currently serving in Federal Correctional Institution, Forrest City, Arkansas ("FCI-FC"). (#4-1 at p. 2) But Mr. Lockett is not challenging that federal conviction or sentence in this petition for habeas relief.

In 1995, Mr. Lockett pleaded guilty in Pemiscott County, Missouri, to assaulting a law enforcement officer, a class B felony. (#1 at pp. 11-12) As a result, a state-court judge sentenced him to eight years' incarceration in the Missouri Department of Corrections. He completed serving that sentence prior to pleading guilty to the federal distribution charge for which he is currently incarcerated. (*Id*.) In this petition, Mr. Lockett claims that the State of Missouri erred by charging him with second-degree assault instead of third-degree assault and asks this Court to declare his 1995 Missouri conviction unconstitutional. (#1 at pp. 6-7)

**III. Jurisdiction**

To maintain a federal habeas corpus claim, Mr. Lockett must establish that he is *currently in custody* in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Here, Mr. Lockett is not contesting the federal conviction and sentence that resulted in his current incarceration. Instead, he contests the validity of a 1995 Missouri state-court conviction that he has fully discharged.

The Court lacks jurisdiction to consider this claim because Mr. Lockett is no longer in custody on the conviction he is challenging. See *Maleng v. Cook*, 490 U.S. 488,

492-93, 109 S.Ct. 1923 (1989) (per curiam) (habeas petitioner is no longer "in custody" under 28 U.S.C. § 2241 after sentence has fully expired, even if prior conviction is used to enhance subsequent conviction); *Love v. Tippy*, 128 F.3d 1258, 1258-59 (8th Cir. 1997) (per curiam) (petitioner who completed serving state sentence before federal conviction is no longer in custody under state conviction); *Painter v. Outlaw*, 334 F.Appx 47, 48 (8th Cir. 2009).

### IV.   Conclusion

Because the Court lacks jurisdiction over Mr. Lockett's 28 U.S.C. § 2241 petition for writ of habeas corpus, the petition (#1) should be DENIED and DISMISSED, without prejudice.

DATED this 30th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE